IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **RICARDO GODFREY PINDER,** | : | **MOTION TO VACATE** |
| BOP Reg. # 60518-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | 1:08-CR-421-CAP-AJB-3 |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | 1:12-CV-4347-CAP-AJB |

### UNITED STATES MAGISTRATE JUDGE'S ORDER
### AND NON-FINAL REPORT AND RECOMMENDATION

Movant, Ricardo Godfrey Pinder, confined in the McDowell Federal Correctional Institution in Welch, West Virginia, filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in criminal action number 1:08-cr-421-CAP-AJB-3, [Doc. 206],[1] and a memorandum in support, [Doc. 207]. Respondent filed a response in opposition to the § 2255 motion. [Doc. 209.]

On May 20, 2013, Movant filed a "motion to notify" the Court that he had not received a copy of Respondent's response. [Doc. 210.] Movant asked the Court to order Respondent to give Movant a copy of the response. [*Id.* at 1.] On June 7, 2013, Movant filed a reply, [Doc. 211], which indicated that he had received a copy of the

---

[1] Citations to the record in this Order and Non-Final Report and Recommendation refer to case number 1:08-cr-421-CAP-AJB-3.

response. Therefore, Movant's "motion to notify," [Doc. 210], is **DENIED AS MOOT**.

On March 31, 2014, Movant filed a "motion requesting final adjudication of the § 2255 motion." [Doc. 214.] Because an evidentiary hearing is necessary in this case, Movant's request for final adjudication is premature. Movant's "motion requesting final adjudication of the § 2255 motion," [Doc. 214], is **DENIED WITHOUT PREJUDICE**.

For the reasons discussed below, the undersigned **RECOMMENDS** that grounds three and four of the § 2255 motion, [Doc. 206], be **DENIED** and the matter be returned to the undersigned to conduct an evidentiary hearing on grounds one and two.

## I.    Background

In a superseding indictment filed on April 27, 2010, Movant was charged with the following offenses: (1) conspiracy to obstruct, delay, and affect interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) (count one); (2) use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2 & 924(c)(1)(A)(i) (count two); (3) conspiracy to take, possess, and sell firearms that had been shipped and transported in interstate commerce, in violation of 18 U.S.C. § 371 (count three);

AO 72A
(Rev.8/82)

(4) unlawfully taking firearms that had been shipped and transported in interstate commerce, in violation of 18 U.S.C. §§ 2, 922(u), & 924(i)(1) (counts four and five); and (5) possession of a stolen firearm that had been shipped and transported in interstate commerce, in violation of 18 U.S.C. §§ 2, 922(j), & 924(a)(2) (count six). [Doc. 129 at 1-11.] On August 12, 2010, a jury found Movant guilty on counts one, two, and six, and not guilty on counts three, four, and five. [Doc. 167.] On October 29, 2010, the Court imposed concurrent sentences of 78 months imprisonment on counts one and six, and a consecutive sentence of 60 months on count two. [Doc. 183.]

Movant timely appealed, and the Eleventh Circuit affirmed on September 14, 2011. [Docs. 184, 201.] The United States Supreme Court denied certiorari on January 9, 2012. [Doc. 205.] Movant delivered his § 2255 motion to prison authorities for mailing on December 10, 2012. [Doc. 206 at 12.] Respondent does not dispute that the § 2255 motion was timely filed pursuant to 28 U.S.C. § 2255(f).

**II.    28 U.S.C. § 2255 Standard**

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject

3

to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)). The Court must conduct an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).

## III. Discussion

Movant asserts that his trial counsel provided ineffective assistance. In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to

4

the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

Movant's specific grounds of ineffective assistance are that his trial counsel failed (1) "to fully advise [Movant] of the advantages and disadvantages of pleading guilty versus going to trial," causing him to receive a greater sentence; (2) to explain the conspiracy charges; (3) to argue that Movant had no knowledge that the firearm in the trunk of his car was stolen; and (4) to argue that Movant had withdrawn from the conspiracy. [Doc. 206 at 4-9.]

The parties agree that an evidentiary hearing is needed to resolve grounds one and two. [Doc. 209 at 2; Doc. 211 at 1.] Because the § 2255 motion and the files and

AO 72A
(Rev.8/8
2)

records of the case do not conclusively show that Movant is entitled to no relief on those grounds, *see* 28 U.S.C. § 2255(b), the undersigned will conduct an evidentiary hearing on grounds one and two.

The parties dispute whether an evidentiary hearing is needed to resolve grounds three and four. [Doc. 209 at 2; Doc. 211 at 3.] As to ground three, Respondent cites trial counsel's argument regarding Movant's lack of knowledge that the rifle in the trunk of his car was stolen because co-defendant Graham was in the military. [Doc. 209 at 13 (citing Doc. 192 at 155).] Respondent has shown that ground three is factually incorrect, since trial counsel in fact argued that Movant did not know that the rifle was stolen; therefore, since trial counsel in fact argued what Movant claims she should have argued, trial counsel could not have been ineffective.

As to ground four, Respondent cites trial counsel's argument that Movant was not a member of the conspiracy. [Doc. 209 at 13-14 (citing Doc. 192 at 147).] Movant's apparently preferred argument that he withdrew from the conspiracy is necessarily inconsistent with trial counsel's argument that Movant never entered into the conspiracy at all. Movant essentially challenges trial counsel's strategy, but Movant fails to overcome the presumption that the strategy was sound. *See Strickland*, 466 U.S. at 689. "[C]onstitutionally sufficient assistance of counsel does not require

6

presenting an alternative—not to mention unavailing or inconsistent—theory of the case." *Dill v. Allen*, 488 F.3d 1344, 1357 (11th Cir. 2007). Therefore, trial counsel was not deficient in arguing that Movant did not enter into the conspiracy rather than arguing that Movant withdrew from the conspiracy. The undersigned agrees with Respondent[2] that an evidentiary hearing on grounds three and four is unnecessary, and Movant is not entitled to relief on those grounds.[3]

### IV. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's "motion to notify," [Doc. 210], is **DENIED AS MOOT**, and his "motion requesting final adjudication of the § 2255 motion," [Doc. 214], is **DENIED WITHOUT PREJUDICE**.

**IT IS RECOMMENDED** that grounds three and four of the § 2255 motion,

---

[2] Respondent also argues that the evidence did not support an argument that Movant withdrew from the conspiracy. [Doc. 209 at 13-14]. Because the Court concludes that Movant's claim fails for the reason discussed in the text, it is not necessary to further discuss Respondent's alternative argument.

[3] The Court's adoption of this Non-Final Report and Recommendation would not constitute "a final order adverse to [Movant]" under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Accordingly, the undersigned does not consider whether a certificate of appealability (COA) should issue as to grounds three and four of the § 2255 motion until a Final Report and Recommendation is filed in this case.

AO 72A
(Rev.8/82)

[Doc. 206], be **DENIED** and the matter be returned to the undersigned to conduct an evidentiary hearing on grounds one and two.

**IT IS SO ORDERED and RECOMMENDED**, this   11th   day of June, 2014.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)