## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **RICARDO GODFREY PINDER,** | : | **MOTION TO VACATE** |
| **BOP Reg. # 60518-019,** | : | **28 U.S.C. § 2255** |
| **Movant,** | : | |
| | : | **CRIMINAL ACTION NO.** |
| **v.** | : | **1:08-CR-421-CAP-AJB-3** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| **Respondent.** | : | **1:12-CV-4347-CAP-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant, Ricardo Godfrey Pinder, filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in criminal action number 1:08-cr-421-CAP-AJB-3, [Doc. 206],[1] and a memorandum in support, [Doc. 207].  On July 9, 2014, the District Court denied grounds three and four of the § 2255 motion and returned the matter to the undersigned to conduct an evidentiary hearing on grounds one and two.  [Doc. 219; *see also* Doc. 215 at 7-8.]  The hearing was held on October 8, 2014, [*see* Doc. 223], and the parties subsequently filed briefs, [Docs. 226, 227].  For the reasons discussed below, the undersigned **RECOMMENDS** that grounds one and two of the § 2255 motion, [Doc. 206], be **DENIED**.

---

[1]     Citations to the record in this Final Report and Recommendation refer to case number 1:08-cr-421-CAP-AJB-3.

## I.   28 U.S.C. § 2255 Standard

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a).  "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam).  Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).  A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)).

## II.   Movant's Grounds for Relief

As the undersigned previously summarized, a jury convicted Movant of several offenses, including conspiracy to obstruct, delay, and affect interstate commerce by

2

robbery, in violation of 18 U.S.C. § 1951(a).  [Doc. 215 at 2-3.]  In his § 2255 motion, Movant claims that his trial counsel, Vionnette Johnson, of the Federal Defenders Office, provided ineffective assistance by failing (1) "to fully advise [Movant] of the advantages and disadvantages of pleading guilty versus going to trial," causing him to receive a greater sentence (ground one); and (2) to explain the § 1951(a) charge (ground two).  [Doc. 206 at 4-6; *see also* Doc. 207 at 3-9.]

In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  As to the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id.* at 689 (internal quotation marks omitted).  As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on

3

one." *Id.* at 697.

"In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012).  When counsel's incompetent advice causes a defendant to reject a plea offer and go to trial, he must show that

> but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 1385.

## III.   **Evidentiary Hearing**

At the evidentiary hearing, Movant gave the following testimony.  Johnson visited Movant "quite a few" times and wrote several letters to him.  [Doc. 225 at 4-5.] Based on Johnson's written and oral communications, Movant knew that he would receive a higher sentence if he did not plead guilty and instead went to trial and was convicted.  [*Id.* at 11-13, 15.] Johnson advised Movant to go to trial because he could not be found guilty under 18 U.S.C. § 1951(a).  [*Id.* at 19-21.]  Although Johnson discussed the possibility of pleading guilty, Movant rejected that option based on his

4

research of § 1951(a) and understanding that he would be required to testify against his codefendants.  [*Id.* at 8, 12, 16, 23-25, 27-28.]  If Johnson had advised that Movant could be found guilty under § 1951(a) and could accept a plea offer without testifying against his codefendants, Movant would have pleaded guilty.  [*Id.* at 9, 26.]

Johnson gave the following testimony.  In written and oral communications, Johnson informed Movant of the advantages and disadvantages of pleading guilty and going to trial.  [*Id.* at 31-32, 35.]  Johnson presented a plea offer that did not require Movant to testify against his codefendants, but he rejected it.  [*Id.* at 32-33, 37, 39, 41-42.]  Movant wanted to go to trial because he thought he could win.  [*Id.* at 33.]  Johnson did not tell Movant that he would win or that he could not be found guilty under § 1951(a).  [*Id.* at 33-36.]  Instead, Johnson communicated her concern or fear that Movant would be convicted if he went to trial.  [*Id.* at 36.]

Eight exhibits were admitted into evidence, consisting of four letters from Johnson to Movant, three letters from Movant to Johnson, and one e-mail message from the prosecutor to Johnson regarding a proposed plea agreement. On February 3, 2010, Johnson wrote to Movant regarding the United States Sentencing Guidelines, and Johnson's Guidelines calculation included the assumption that Movant would be convicted under § 1951(a). [Gov't Ex. 3 at 3.] On June 14, 2010, Movant wrote the

5

following to Johnson: "I need you to 'believe' that we are going to win this case. I need you to 'know' that we are going to win this case." [Gov't Ex. 5 at 1.] On July 22, 2010, Johnson wrote the following to Movant: "You seem to believe that you have a chance of an acquittal" under § 1951(a). [Gov't Ex. 7 at 1.] Johnson informed Movant that, even with a § 1951(a) acquittal, he would "still serve 11 more years than if [he] accept[ed] the plea offer." [*Id.*] On July 26, 2010, Movant wrote the following to Johnson: "I have no intentions on taking a plea . . . ." [Gov't Ex. 8 at 1.]

## IV.   <u>Discussion</u>

Movant concedes that ground one of his § 2255 motion "is not supportable by the record" because "Johnson did communicate that there were certain advantages and disadvantages to entering a guilty plea . . . ." [Doc. 226 at 7.] Nevertheless, Movant appears to argue that Johnson must have given him improper advice because he had the "mistaken belief that any guilty plea required that he cooperate with the Government against his friends." [*Id.*] Movant acknowledges that his argument is based on his testimony alone, as neither Johnson's testimony nor the exhibits support it. [*Id.* at 7-8.] The undersigned finds that Movant's testimony on this issue lacks credibility because it conflicts with all of the other evidence. Accordingly, Movant has failed to meet his burden to show that Johnson performed deficiently in advising him of the advantages

and disadvantages of pleading guilty.

As to ground two, Movant argues that the record supports his testimony regarding Johnson's alleged advice that Movant could not be found guilty under 18 U.S.C. § 1951(a). [*Id.* at 8.] Movant explains that a different attorney in Johnson's office represented Movant on appeal and unsuccessfully argued that § 1951(a) did not apply to Movant. [*Id.*] Movant appears to assume that the appellate attorney's strategy must have reflected advice that Johnson had provided before trial. However, there is no record evidence supporting Movant's assumption.

The undersigned finds that Movant's testimony regarding ground two lacks credibility because it is inconsistent with the letters that Johnson wrote to Movant. In Johnson's letter dated February 3, 2010, she informed Movant of his expected Guidelines calculation, which included a conviction under § 1951(a). [Gov't Ex. 3 at 3.] On July 22, 2010, Johnson indicated that it was Movant, not Johnson, who believed that Movant could be acquitted under § 1951(a). [Gov't Ex. 7 at 1.] Accordingly, Movant has failed to meet his burden to show that Johnson performed deficiently in advising him regarding § 1951(a).

The undersigned also agrees with the Government that Movant cannot show prejudice as to either ground one or two. [*See* Doc. 227 at 7-9 (citing *Paez-Ortiz v.*

7

*United States*, 200 Fed. Appx. 946, 948 (11th Cir. Oct. 18, 2006) (per curiam).] Movant unequivocally informed Johnson that Movant did not intend to plead guilty even though he knew about that option and the higher sentence that he would receive if he went to trial and was convicted. [Doc. 225 at 11-13, 15; Gov't Ex. 8 at 1.] Therefore, Movant fails to show that the outcome of the plea process would have been different.

## V.      Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

When the district court denies a [motion to vacate, set aside, or correct

8

sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## VI.   **Conclusion**

For the reasons stated above,

**IT IS RECOMMENDED** that (1) the motion to vacate, set aside, or correct sentence, [Doc. 206], be **DENIED**; (2) a COA be **DENIED**; and (3) civil action number 1:12-cv-4347-CAP-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

9

**IT IS SO RECOMMENDED and DIRECTED**, this __6th__ day of March, 2015.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

10