UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICARDO GODFREY PINDER<br><br>    Movant,<br><br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CRIMINAL ACTION NO.<br>1:08-CR-0421-3-CAP<br><br>CIVIL ACTION NO.<br>1:12-CV-4347-CAP |

**O R D E R**

This action is before the court the report and recommendation ("R&R") of the magistrate judge [Doc. No. 229]. The movant filed a § 2255 motion to vacate his convictions and sentences in this court raising four grounds for relief. On July 9, 2014, this court adopted the non-final R&R of the magistrate judge dismissing counts 3 and 4. As to counts 1 and 2, counsel was appointed to represent the movant, and an evidentiary hearing was held before the magistrate judge on October 8, 2014. The magistrate judge has now recommended that counts 1 and 2 of the motion to vacate be denied. The movant has filed objections.

Counts 1 and 2 allege ineffective assistance of trial counsel. Specifically, the movant contends that his appointed counsel, Vionette Johnson, failed (1) to fully advise him of the advantages and disadvantages of pleading guilty instead of going to trial (ground 1), and (2) to explain the § 1951(a) charge (ground 2). After an evidentiary hearing, the magistrate judge recommended denials of both grounds. The recommendation is based upon the testimony of the movant and Ms. Johnson as well as eight exhibits that were introduced at the evidentiary hearing.

With respect to ground one, the magistrate judge pointed out that the only evidence to support the movant's claim that Ms. Johnson failed to fully advise him of the advantages and disadvantages of pleading guilty is the movant's own testimony at the hearing in which he states that he never understood that he had the option of entering a guilty plea without cooperating with the government. The movant testified that he mistakenly believed that any plea deal required his cooperation. Finding that this testimony conflicted with all the other evidence presented, the magistrate judge concluded that it lacked credibility.

In his objections, the movant argues that because he had only his own case to deal with as opposed to Ms. Johnson who was handling several matters at the time of their discussions, his memory and version of events is

more reliable.  Even in the absence of Ms. Johnson's testimony, the letters she wrote to the defendant are clear and unequivocal with respect to receiving a lesser sentence from a plea deal rather than going to trial. Moreover, the defendant's own letter to Ms. Johnson states "I have no intentions on taking a plea . . . ." Ex. 8.  While the movant now contends that he meant he had no intention of taking a plea that required his cooperation with the government, the court finds this claim to be nothing more than an after-the-fact fabrication to obtain a post-conviction benefit.   Ms. Johnson wrote the movant at least three letters in which she discussed the benefits of entering into a plea agreement and the risks of going to trial.  Exs. 1, 3, and 7.  The movant concedes he received and read the letters.  Accordingly, the court finds no merit to ground 1 of the § 2255 motion to vacate.

In ground 2 of the § 2255 motion to vacate, the movant contends that Ms. Johnson failed to explain the charge under 28 U.S.C. § 1951(a).  At the evidentiary hearing, the movant testified that Ms. Johnson told him that as a private citizen, he could not be convicted of the offense charged under this statute.  Review of the correspondence between Ms. Johnson and the movant undermines this claim.  In the movant's June 14, 2010 letter to Ms. Johnson, he explains his defense theory with respect to the § 1951(a) charge; he contends that the government cannot prove his activities affected interstate

commerce. Moreover, in her letter dated July 22, 2010, Ms. Johnson indicates that it is the movant who believes there is a chance of acquittal as to the Hobbs Act conspiracy. Additionally, all prior correspondence from the movant to Ms. Johnson requests that she research the law on disengagement from a conspiracy. There is never mention by either the movant or his attorney about being acquitted on the Hobbs Act charge because he is a private citizen. The court finds that the movant's testimony that Ms. Johnson told him that he could not be acquitted of the Hobbs Act charge is nothing more than a fabrication to obtain post-conviction benefits.

Because the court finds the movant's testimony about the requirement to cooperate in any plea deal and the assurances of an acquittal as to the Hobbs Act charge is incredible, grounds 1 and 2 of the motion to vacate are DENIED.

With regard to a certificate of appealability, the magistrate judge recommended denial [Doc. No. 220]. In his objections, the movant acknowledges that the magistrate judge applied the proper standard; the movant simply disagrees with the outcome. However, this court finds that reasonable jurists could not debate whether the petition should have been resolved in a different manner and that no issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S.

473, 484 (2000).  Accordingly, the movant is DENIED a certificate of appealability.

In conclusion, the movant's objections are overruled, and the magistrate judge's R&R is adopted as the order and opinion of this court.

SO ORDERED, this 22nd day of April, 2015.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL JR.
United States District Judge
